UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Strahan

v.                                                                                    Criminal No. 17-CR-00183-JL

State of New Hampshire

### STATE'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMOVAL TO FEDERAL COURT

NOW COMES the State of New Hampshire, by and through the office of the Strafford County Attorney's Office, in opposition to the Plaintiff's Motion for Removal to the US District Court.  Plaintiff has not put forward any legal reason for removing the case to federal court and as such, the State of New Hampshire retains jurisdiction.  In support of the State's position it offers the following:

I.       Introduction

1. Plaintiff argues that he is entitled to removal to federal court under 28 USC § 1443 and 28 USC § 1447.  However, he has failed to allege a denial of rights guaranteed to him under federal law.  He merely alleges that he is being prosecuted on the basis of his race and is innocent of the charges.  Plaintiff's Notice of Removal to the US District Court ¶ 1.[i]  Removal to federal court on these grounds would be contrary to the United States Supreme Court's understanding of 28 USC § 1443 as held in Peacock v. City of Greenwood Mississippi, 384 U.S. 806, 833 (1966) (holding that a claim of racial discrimination is not sufficient to merit removal because state courts have adequate remedial measures and removal on those grounds would be judicially inefficient).

2. The Plaintiff has not claimed legally sufficient facts to merit removal to federal court under the Younger Abstention standard. Younger v. Harris, 401 U.S. 36 (1971). There is a national policy, "forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Id. at 42. No special circumstances exist in the present case.

II. Legal Standard

A. Removal Under 28 USC § 1447

3. The current state of the law stems from a pair of cases, Georgia v. Rachel, 384 U.S. 780 (1966) and Peacock v. City of Greenwood Mississippi, 384 U.S. 806 (1966). According to these seminal cases, 28 USC § 1443 stemmed from the Civil Rights Act of 1866. Rachel, 384 U.S. at 784. The language of § 1443 suggest that Congress intended "only to include laws comparable in nature to the Civil Rights Act of 1866." Id. at 790. These laws refer to a limited category of rights related to racial equality. Id. at 791.

4. The Plaintiff must do more than offer a defense to the charges against him, but must point to a federal law that would bar the state from bringing charges against him. Rachel, 384 U.S. at 793-94. In Rachel, Petitioners attempted to receive service at an Atlanta Georgia restaurant, a place of public accommodation. Id. at 782. Petitioners were asked to leave because of their race and were subsequently arrested and charged with criminal trespass, a misdemeanor in Georgia. Id. at 783. Petitioners appealed and at the same time the Civil Rights Act of 1964 was passed. Id. at 785. The Civil Rights Act of 1964, "guarantees to all the 'full and equal enjoyment' of the facilities of any place of public accommodation without discrimination on the ground of race." Id. at 793. As a result, Petitioners stated a claim for which removal would be proper. The claim alleges that petitioners had an absolute right to engage in the conduct and that the federal law allows them that right on the basis of racial equality. Id. at 794.

5. According to <u>Rachel</u>, the claim must allege that the state court itself would deny rights to the Petitioner. <u>Id.</u> at 803. Because of the predictive nature of this analysis, the Court has held that only claims that are clearly "discriminatory on its face" would be indicative of a Petitioner's inability to access their rights in state court. <u>Id.</u> at 804.

6. Thus, removal to federal court under 28 USC § 1443 is only appropriate if the right allegedly denied arises under a federal law "providing for specific civil rights stated in terms of racial equality" and the removal Petitioner is "denied or cannot enforce" their federal right in state court. <u>Banks v. Janklow</u>, 399 F.Supp 319, 320 (1975) (citing <u>Rachel</u>, 384 U.S. at 792, 803). To allege a denial of a right appropriate for removal:
   > "Petitioner must be able to point to a federal law conferring on them the *right* to engage in the specific conduct with which they are charged in the state criminal proceeding, and the Petitioner must be able to state that the federal statue grants the Petitioner the right that no state should even attempt to prosecute him for his conduct." <u>Id.</u> at 321.

7. <u>Peacock</u> provides that if there is no federal statute relating to racial equality that allows Petitioner to engage in the underlying activity, then removal to federal court is improper. 384 U.S. at 824. Furthermore, not all rights provided by the Constitution of the United States are grounds for removal to federal court, only those that arise under "a law providing for 'equal civil rights' within the meaning of § 1443(1)." <u>Id.</u> at 825 (specifically referencing the rights guaranteed by the First Amendment, but not limiting its analysis to the First Amendment alone).

8. The Court determined that 28 USC § 1443 should be so construed due to the legislative history of the statute and also for the purposes of judicial efficiency. If Petitioners could remove cases to federal court by alleging racial discrimination in the decision to prosecute, any case could then be removed to federal court causing long continuances and defeating the purpose of the narrow scope of the law. <u>Id.</u> at 832-33. Furthermore, if

Petitioner is in fact being discriminated against, Petitioner has the absolute right to raise that as a defense at trial and to appeal any and all decisions to higher courts. Id. at 829.

    B. Younger Abstention

9. Younger prevents federal courts from enjoining the State from prosecuting when the defendant would not suffer "irreparable injury." 401 U.S. at 46. "Irreparable injury" must be more than "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." Id. Rather "irreparable injury" stems only from a defendant's federally protected rights, which cannot be eliminated by his defense in said prosecution. Id. Injury that is incidental to the normal functioning of every criminal proceeding is not sufficient to enjoin the State from prosecution. Id. at 47.

10. Federal courts cannot enjoin the state from prosecuting a criminal case when that case is brought in good faith and does not cause irreparable injury. Id. at 49. In order for a defendant to ask for an injunction against prosecution, they must have a prosecution already pending in state court and must demonstrate that that criminal prosecution has been brought in bad faith. Id. at 49. The plaintiff in this case has not done so.

    III. Discussion

11. Because plaintiff in this case has not pointed to any law related to racial equality that would immunize him from prosecution in this matter, removal to federal court would be improper.

12. The underlying charge for which the plaintiff is being prosecuted is RSA 264:25, Conduct After Accident. See, Complaint. There is no federal statute specifically related to race that would immunize him from prosecution for engaging in this conduct.

13. Even if there were a federal statute specifically related to race that may immunize the plaintiff from prosecution, the events that give rise to the complaint are not

discriminatory "on its face." The complaint alleges that Strahan knew or should have known that he had done damage to the property of Katelyn Smith, while operating his vehicle, and that he did not stop or provide Ms. Smith with his information or notify law enforcement. Id. Nothing in the complaint or in witness statements suggests discriminatory practices.

14. The plaintiff has not pled sufficient facts indicating that the state criminal proceeding has been brought in bad faith to satisfy the Younger Abstention standard. See Plaintiff's Notice of Removal to the US District Court. Plaintiff has merely alleged that the State is discriminating against him on the grounds of race, but offers no evidence of irreparable injury. Id. Because the only injury the plaintiff faces as a result of the State's criminal prosecution are those commonly incidental to any criminal case, the federal court cannot enjoy the State from proceeding. Younger, 401 U.S. 36.

15. While preparing this response, the County Attorney was advised that Magistrate Judge Johnstone has issued a Report and Recommendation that the notice of removal be denied and the State criminal claims be remanded to the State Circuit Court for trial. The County Attorney concurs with this recommendation for the reasons expressed therein and in this pleading.

   IV.   Conclusion

16. Plaintiff has failed to point to any federal law related to race that might immunize him from prosecution.

17. Plaintiff has failed to claim that the current criminal proceeding is being brought against him in bad faith or that he would suffer "irreparable injury" as a result of a State criminal prosecution.

18. Because the plaintiff has failed to meet the legal standards set forth above, his motion to remove his case to federal court should be denied.

19. The Seventh Circuit Court – District Division – Dover has now stayed the state court criminal proceedings until this Court rules on the notice of removal. On behalf of the state case crime victim, the Strafford County Attorney requests a ruling on the merits of this matter with all deliberate speed so that the state criminal cases may be resumed.

WHEREFORE, the Strafford County Attorney's office respectfully requests this Honorable Court:

A. Deny the plaintiff's Motion of Removal to Federal Court as failing to meet the legal standard for removal; or
B. Schedule a hearing on the defendant's motion; and
C. Grant such further relief as may be fair and just with all deliberate speed.

Date: December 19, 2017                                /s/ Thomas P. Velardi
                                                        Thomas P. Velardi
                                                        Strafford County Attorney
                                                        259 County Farm Rd, Suite 201
                                                        Dover, NH 03820
                                                        tvelardi@co.strafford.nh.us
                                                        (603) 749-2808

I hereby certify that a copy of the foregoing has been forwarded, this date, postage prepaid, to the Defendant.

                                                        /s/ Thomas P. Velardi
                                                        Thomas P. Velardi
                                                        Strafford County Attorney

i The Strafford County Attorney was "served" with the notice of removal by way of an email from the plaintiff. By answering this notice issue, the Strafford County Attorney in no way concedes that he has been properly served or made a party to this case. This objection is however a means to un-stay a lawful state proceeding.